## WERNER v. WINTERBOTTOM et al.

*(Superior Court of New York City, General Term.  June 20, 1888.)*

ANIMALS—INJURIES BY—EXPOSURE AT INSTANCE OF OWNER'S SERVANT.

Where plaintiff, knowing the dangerous disposition of a dog which had been chained up by his owners, the defendants, attempts to feed him, at the suggestion of a fellow-servant, and is bitten, defendants are not liable; there being no evidence that the suggestion was made in the scope of the fellow-servant's employment, or by authority of defendants.

Appeal from special term; R. O'GORMAN, Judge.

William C. Werner, plaintiff, sued Solon Winterbottom and Abram Winter, defendants, to recover damages for injuries alleged to have been sustained by plaintiff from the bite of a dog alleged to have been kept and harbored at the stables of defendants, and upon the theory that the dog was of a vicious disposition, and accustomed to bite persons, and known by defendants as a dangerous dog, and accustomed to bite persons. The circumstances under which the plaintiff received the bite, as claimed by him, were that on the 29th of November, 1886, the plaintiff was ordered by defendants' foreman to feed said dog, which was then chained in defendants' stables; that plaintiff obeyed, and fed the dog, and, while so doing, the dog seized the plaintiff and inflicted the injuries complained of.  The defendants denied the ownership of the dog, and any knowledge of the existence of the dog, or of his viciousness.  Verdict for the plaintiff for $325.  Defendants appeal from judgment on the verdict, and order denying motion for new trial.

Argued before SEDGWICK, C. J., FREEDMAN and TRUAX, JJ.

*Samuel Greenbaum*, for appellants.  *De Lagul Berier*, for respondent.

SEDGWICK, J.  The action was for damages from the bite of a vicious dog alleged to have been owned and kept by the defendant.  It will be assumed, although it is very doubtful, that the defendants owned or kept the dog, and that the animal was savage, and prone to bite human beings, to the knowledge of the defendants.  This was not unnecessarily unlawful, so that, under all circumstances, an injury by the dog would give an action to the person injured.  In *Logue* v. *Link*, 4 E. D. Smith, 63, the law is declared, and is, in other cases, said or implied, that a man has a right to keep a dog, or any other animal, provided he is kept under restraint, so that persons pursuing their lawful avocations are not exposed to danger.  In the present case the dog was so chained that the plaintiff was free from danger.  The danger arose only when, at the suggestion of a third person, he voluntarily, with knowledge of the dog's propensities, went within reach of the dog for the purpose of making the dog familiar with him by feeding him.  The defendants, if they were the owners, had performed their duty in restraining the dog so that others were not in danger from him.  The fact that this suggestion was made by a fellow-servant for the purpose of making the dog peaceable to the plaintiff at other times when the dog would not be chained, did not enlarge the responsibilities of the defendants.  There was no proof that the suggestion was made within the scope of the employment of the person who made the suggestion, or that it was prompted or authorized by the defendants.  If this were otherwise, however, the maxim, *volenti non fit injuria*, is applicable, as shown in *Muller* v. *McKesson*, 73 N. Y. 195, and which is also relevant to the foundation of liabilities in such cases.  It is there held that if a person, with full knowledge of the evil propensities of an animal, voluntarily and unnecessarily puts himself in the way of such an animal, he would "be adjudged to have brought the injury upon himself, and ought not to be entitled to recover."  In the present case the first movement of the plaintiff towards the dog caused the latter to snap at him.  I am of opinion that

the motion to dismiss the complaint should have been granted. Judgment and order denying motion for new trial ordered, with costs of the appeal to abide the event.